UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JUAN BARRAGAN-BARRERA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:05CV193 CDP |
| ) | |
| JOHN ASHCROFT, et al., ) | |
| ) | |
| Respondents. ) | |

# MEMORANDUM AND ORDER

Juan Barragan-Barrera seeks a writ of habeas corpus and stay of deportation pursuant to 28 U.S.C. § 2241. Petitioner Juan Barragan-Barrera is facing a final order of removal after an Immigration Judge ruled that he was ineligible for cancellation of removal under 8 U.S.C. § 1229b. Respondents filed a motion to transfer Barragan-Barrera's habeas corpus petition to the Court of Appeals on June 24, 2005. Barragan-Barrera does not oppose transfer.

On May 11, 2005, while this case was pending before the district court, Congress enacted the Real ID Act of 2005. Real ID Act of 2005, Pub. L. No. 109-13 (2005). The Real ID Act amended 8 U.S.C. § 1252 to vest only the courts of appeals with the jurisdiction to review orders of removal. 8 U.S.C. § 1252(a)(5).[1]

---

[1] 8 U.S.C. § 1252 (a)(5) reads as follows:
Exclusive means of review. Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code [28 USCS

Moreover, the Real ID Act mandated that all cases pending in district courts on May 11, 2005, be transferred to the appropriate court of appeals for review. Real ID Act of 2005, Pub. L. No. 109-13, Division B, Title I § 106(c).[2]

Accordingly,

**IT IS HEREBY ORDERED** that respondents' motion to transfer habeas petition to court of appeals [#7 ] is GRANTED;

---

§ 2241], or any other habeas corpus provision, and sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e). For purposes of this Act, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of title 28, United States Code [28 USCS § 2241], or any other habeas corpus provision, sections 1361 and 1651 of such title [28 USCS §§ 1361 and 1651], and review pursuant to any other provision of law (statutory or nonstatutory).

[2] The history of 8 U.S.C. § 1252 provides:
Transfer of habeas corpus cases pending in district courts on May 11, 2005. Act May 11, 2005, P.L. 109-13, Div B, Title I, § 106(c), 119 Stat. 311, provides: "If an alien's case, brought under section 2241 of title 28, United States Code [28 USCS § 2241], and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply."

**IT IS FURTHER ORDERED** that petitioner's writ of habeas corpus [#1] is TRANSFERRED to the United States Court of Appeals for the Eighth Circuit pursuant to 8 U.S.C. § 1252.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2005.